## IN THE CHANCERY COURT OF SHELBY COUNTY, TENNESSEE
## FOR THE THIRTIETH JUDICIAL DISTRICT AT MEMPHIS

| | | |
|---|---|---|
| **GERALD GREEN,** | * | |
| | * | |
| **Plaintiff,** | * | |
| | * | |
| **v.** | * | No. CH-19-0597-1 |
| | * | |
| **SMITH & NEPHEW, INC.,** | * | |
| | * | **Jury Demand** |
| **Defendant.** | * | |
| | * | |

FILED
SHELBY COUNTY
CHANCERY COURT
APR 23 2019
DONNA L. RUSSELL, C & M
TIME: 1225   BY: AG

---

### COMPLAINT FOR AGE DISCRIMINATION IN EMPLOYMENT

---

Plaintiff Gerald Green for his complaint against the Defendant Smith & Nephew, Inc. states as follows:

### I.

This cause of action is instituted pursuant to the provisions of the Tennessee Human Rights Act (THRA), T.C.A. §§ 4-21-101 et seq., which protect against and secure redress from age discrimination in employment.

### II.

The Plaintiff, Gerald Green, is a resident of Olive Branch, Mississippi, and was age fifty-two (52) at the time of the events complained of herein.

### III.

The Defendant, Smith & Nephew, Inc., is a foreign for-profit company doing business in Shelby County, Tennessee, with its principal place of business at 1450 East Brooks Road, Memphis, Tennessee.

## IV.

The wrongful acts complained of herein took place within the jurisdiction of this Court. At all relevant times complained of herein the Defendant was an employer as contemplated by T.C.A. § 4-21-102(4).

## V.

On April 23, 2018, Plaintiff was notified that he had been selected for termination from his position as a Quality Technician at the Defendant Memphis, Tennessee, operation, effective May 4, 2018, as part of a Reduction in Force (RIF).

## VI.

At the time Plaintiff had worked in the Quality Technician position for about twelve years. Further, his performance and attendance in that position had been very good.

## VII.

Prior to Plaintiff's termination, he had provided approximately thirty-two years of loyal and diligent service to the Defendant.

## VIII.

Plaintiff was selected for termination during the RIF while younger, less qualified emloyees in the same position were retained.

## IX.

There were no performance issues that would justify selecting the Plaintiff for termination during the RIF instead of one of the younger Quality Technicians, who had less years in the position,

as well as less years with the company, than he had.

## X.

After the Plaintiff was told he was selected for termination during the RIF, he asked whether he could be placed into some other position at the company because he had performed a number of other jobs at the company during his many years working there and because he was only a few years away from being able to receive a full pension at age fifty-five; however, he was told that was not an option.

## XI.

Another employee in the Quality Technician position, like the Plaintiff held, was also selected for termination during the RIF; however, this employee, who was in his late twenties, was given another Quality Technician position at the company the next day.

## XII.

Further, after the Plaintiff was terminated, a thirty year old technician, who had been with the company less than a third as many years as the Plaintiff had been and who was less qualified than him, was put into Plaintiff's former position.

## XIII.

Another Quality Technician named Jeffery Salter, who was in his fifties like the Plaintiff, was also let go during the RIF.

## XIV.

Plaintiff avers that he was selected for termination during the Defendant's RIF instead of

younger, less qualified and less senior employees because of his age.

## XV

Plaintiff avers that he was denied placement into another position during the RIF, like younger, less qualified and less senior employees were, because of his age.

## XVI.

Plaintiff avers that by selecting him rather than one of the younger, less qualified and less senior employees for termination during the company's RIF, the Defendant discriminated against him on the basis of his age of fifty-two at the time in violation of the Tennessee Human Rights Act, T.C.A. Sec. 4-21-101 et seq.

## XVII.

Plaintiff avers that by denying him placement into another position during the RIF, like younger, less qualified and less sernior employees were, the Defendant discriminated against him on the basis of his age of fifty-two at the time in violation of the Tennessee Human Rights Act, T.C.A. Sec. 4-21-101 et seq.

## XVIII.

As a result of this discrimination, Plaintiff has suffered, and will continue to suffer, a major loss of pay and benefits.

## XIX.

As a result of this discrimination, Plaintiff has also suffered mental distress, humiliation and embarrassment, and loss of enjoyment of life.

## XX.

Plaintiff avers that he is entitled to recover all lost pay and benefits, with interest, plus reinstatement to his former position with Defendant, or an award of front pay until he is reinstated or until the date he obtains a position with another employer which is comparable to the pay and benefits he would have received if he had continued working for Defendant.

## XXI.

Plaintiff also avers he is entitled to recover compensatory damages for the mental distress, humiliation and embarrassment, and loss of enjoyment of life caused by the discriminatory termination, in order to make him whole for all losses suffered, as well as entitled to recover his attorney's fees and costs.

**WHEREFORE, PREMISES CONSIDERED,** Plaintiff respectfully prays as follows:

1. That the Court find that the Defendant discriminated against him because of his age in violation of the Tennessee Human Rights Act, declare such practices of Defendant unlawful, and enjoin the Defendant from any further age discrimination;

2. That this Court order the Defendant to reinstate the Plaintiff to his former position with full seniority and benefits or, in lieu of reinstatement, award him front pay until the date of such reinstatement or until the date he obtains a position with another company which is comparable to the pay and benefits he would have received of he had continued working for Defendant.

3. That this Court award the Plaintiff all of the pay and benefits he has lost due to the discriminatory termination, plus interest;

4. That the Court award Plaintiff FIVE HUNDRED THOUSAND DOLLARS

($500,000.00) or such other amount as the jury deems reasonable for compensatory damages for the

mental distress, humiliation and embarrassment and loss of enjoyment of life he has suffered due to

the age discrimination by the Defendant;

5. That Plaintiff be awarded reasonable attorney's fees and expenses for this action; and

6. That plaintiff be awarded such other and further relief as may be deemed just and proper.

Plaintiff demands a jury to try this case when the issues are joined.

Respectfully submitted,

NORWOOD & ATCHLEY

Dan M. Norwood (BPR No. 5926)
254 Court Avenue, Suite 212
Tel: (901) 528-8300
Email: dan@workingboomeradvocate.com

Counsel for Plaintiff

I hereby certify that this is a true copy
of original instrument filed in my office

This _6th_ day of _May_, 20_19_
DONNA L. RUSSELL, CLERK & MASTER

BY _B. Reynolds_ D.C. & M.

IN THE CHANCERY COURT OF SHELBY COUNTY, TENNESSEE
FOR THE THIRTIETH JUDICIAL DISTRICT AT MEMPHIS

GERALD GREEN,

        Plaintiff,

v.                              NO. _CH-19-0597-1_

SMITH & NEPHEW, INC.,

        Defendant.

*SHELBY COUNTY CHANCERY COURT — APR 23 2019 — DONNA L. RUSSELL, C & M — TIME: 1225 BY:*

---

## PLAINTIFF'S FIRST SET OF INTERROGATORIES

---

        Plaintiff Gerald Green, by and through his undersigned attorney, pursuant to Rule 33 of the Tennessee Rules of Civil Procedure, propounds this First Set of Interrogatories to Defendant requiring Defendant to answer under oath, within forty-five (45) days after service of the Complaint herein.

### DEFINITIONS AND INSTRUCTIONS

A.     The following interrogatories are continuous in character and therefore require Defendant to file supplementary answers if Defendant obtains further information between the time his answers are made and the time for trial.

B.     Whether knowledge or information of Defendant is requested, such request includes the request for knowledge and information of Defendant, its agents, and all other persons acting or purporting to act on its behalf, including, unless privileged, its attorneys or other attorneys.

C.     The word "person" as used herein means any natural person, firm, corporation, partnership, joint venture, or any other form of business entity. A request for the name or identity of a person

constitutes a request for such person's full name, present residential address, present business address, and present business affiliation, if known, and if not know, such person's last known address, business address, and business affiliation.

D.      Where the identification of a document is requested, please state the location, date, author, type of document (e.g., letter, memorandum, telegram, chart, computer printout, etc.) or some other means of identifying it, its recipient, its present location and custodian, and if such document was, but is no longer in the possession or control of Defendant, please state what disposition was made of it and when.

E.      As used herein, the words "document" or "documents" means any paper or other writing, and each item of graphic or oral material, however recorded or reproduced, including drafts or other preliminary material, in the possession, custody or control of Defendant, or of which Defendant has knowledge, wherever located, whether an original or copy, including but not limited to memoranda, notes, records, emails, tapes, disks or other records, photographs, drawings, data, reports, printed matter and publications; and any copy containing thereon, or having attached thereto any authorizations, notes, comments, or other material, shall be deemed a separate document from the original and any other copy not containing such matter within the foregoing definition. Where an interrogatory seeks the identification of documents, Plaintiff will accept Defendant's production of such documents in lieu of such identification.

G.      The word "identify" with respect to a person or persons means to state the name, address, and telephone number of each person, to note the name of the present employer, place of employment and job title, if any, of each such person, and if such person was affiliated at any time with any party to this litigation, by employment or otherwise, to state the nature, including job title, if any, and dates of such affiliation.

H.      As used herein, the singular shall be deemed to include the plural and vice versa; the masculine shall be deemed to include the feminine and vice versa; the disjunctive ("or") shall be deemed to include the conjunctive ("and") and vice versa; and each of the functional words, "each," "every," "any" and "all" shall be deemed to include each of the other functional words.

I.      Interrogatories which cannot be answered in full shall be answered as completely as possible, and incomplete answers shall specify the reasons for the incompleteness, as well as stating whatever information or belief you possess with regard to each unanswered and partially answered interrogatory.

Please be advised that Plaintiff will, at the time of trial, move the Court for an order excluding from evidence all tangible and intangible things known to you at the time of your responses thereto and not submitted.

## INTERROGATORIES

Interrogatory No. 1:   Please identify the person(s) answering these Interrogatories. For each such person listed, please specify the questions they are responsible for or assisted in answering.

Interrogatory No. 2:   Please specify, in detail, the factual basis for Defendant's selection of Plaintiff for termination rather than one of the other individuals holding the same position Plaintiff held in April 2018 and identify any and all documents which set forth that basis.

Interrogatory No. 3:   Please identify and provide the age or date of birth of each and every individual who was  involved in the decision to select Plaintiff for termination in April 2018 rather than one of the other individuals holding the same position Plaintiff held.   For each such person listed, please specify the role played in the decision.

Interrogatory No. 4:   Please identify and provide the age or date of birth of each and every individual who was  involved in the decision to deny Plaintiff placement into another position during the 2018

RIF, which he requested, and to place another Quality Technician selected for termination during the RIF into another position which prevented that employee's termination.  For each such person listed, please specify the role played in the decision.

<u>Interrogatory No. 5</u>:    Please identify and provide the age or date of birth of each and every individual who was involved in the decision to place the younger employee in the Quality Technician position the Plaintiff held prior to his termination during the 2018 RIF.  For each such person listed, please specify the role played in the decision.

Interrogatory No. 6:  Please identify by name, age or date of birth, every individual who has been hired as a Quality Technician or placed into a Quality Technician position with Defendant between April 2014 and the present and specify the dates each was hired or placed into the position.

<u>Interrogatory No.. 7</u>:  Please identify each individual, other than those provided in Answer to Interrogatories No. 1 through 6, which Defendant contends has knowledge of any fact relevant to the allegations contained in the Complaint and/or Answer. For each such individual identified, please specify what knowledge that individual has.

<u>Interrogatory No. 8</u>:  Please state the factual basis of each and every affirmative defense, if any, that is stated in Defendant's Answer.

Respectfully submitted,

NORWOOD & ATCHLEY

Dan M. Norwood (#05926)
254 Court Avenue, Suite 212
Memphis, TN  38103
Tel: (901)-528-8300
Email: dan@workingboomeradvocate.com

## CERTIFICATE OF SERVICE

The undersigned attorney hereby certifies that on this ___33rd___ day of ___April___, 2019, a true

and exact copy of the foregoing has been served via U.S. Mail and/or electronic mail, postage prepaid.


_____
Dan Norwood

I hereby certify that this is a true copy
of original instrument filed in my office

This __6th__ day of __May__, 20__19__
DONNA L. RUSSELL, CLERK & MASTER

BY_____ D.C. & M.

IN THE CHANCERY COURT OF SHELBY COUNTY, TENNESSEE
FOR THE THIRTIETH JUDICIAL DISTRICT AT MEMPHIS

GERALD GREEN,

      Plaintiff,

v.                              NO. CH-19-0597-1

SMITH & NEPHEW, INC.,

      Defendant.

SHELBY COUNTY
CHANCERY COURT
APR 2 3 2019
DONNA L. RUSSELL, C & M
TIME: 1226 BY: ___

## PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS

Plaintiff Gerald Green, by and through his undersigned attorney, pursuant to Rule 34 of the Tennessee Rules of Civil Procedure, propounds this First Request for Production of Documents requiring Defendant to answer under oath, within forty-five (45) days after service of the Complaint herein. As used herein, the words "document" or "documents" means any paper or other writing, and each item of graphic or oral material, however recorded or reproduced, including drafts or other preliminary material, in the possession, custody or control of Defendant, or of which Defendant has knowledge, wherever located, whether an original or copy, including but not limited to memoranda, notes, records, emails, tapes, disks or other records, photographs, drawings, data, reports, printed matter and publications; and any copy containing thereon, or having attached thereto any authorizations, notes, comments, or other material, shall be deemed a separate document from the original and any other copy not containing such matter within the foregoing definition. Where an interrogatory seeks the identification of documents, Plaintiff will

accept Defendant's production of such documents in lieu of such identification.

**REQUEST NO. 1:**  Please produce all policies, procedures, and other documents which relate in any way to the process and criteria used for selecting which employees would be terminated and which ones would be retained during the reduction in force that occurred in the Defendant's Memphis operation in 2018 and resulted in the termination of the Plaintiff.

**REQUEST NO. 2:**  Please produce all charts or other documents scoring the performance of the employees who were evaluated in comparison to the Plaintiff during the 2018 RIF and comparing the scores of those employees.

**REQUEST NO. 3:**   Please produce any and all documents, including all memos and emails, not already produced in response to the above requests, which relate in any way to the decision to select the Plaintiff for termination rather than some other employee during the 2018 RIF at the Defendant's Memphis operation.

**REQUEST NO. 4:**  Please produce any and all documents, including all memos and emails, not already produced in response to the above requests, which relate in any way to the decision to deny the Plaintiff's request to be placed into another position but at the same time to place another younger Quality Technician, who had also been selected for termination during the RIF, into another position, which prevented that employee from being terminated during the RIF.

**REQUEST NO. 5:**   Please produce the personnel files of each and every employee whose *performance and qualifications were compared to the Plaintiff's performance and qualifications* during the 2018 RIF and which resulted in the selection of the Plaintiff for termination and their retention; plus the personnel file of every employee who was identified in Defendant's Answer to *Plaintiff's First Set of Interrogatories, Interrogatory No. 6,.*

Respectfully submitted,

NORWOOD & ATCHLEY

*Dan M. Norwood*

Dan M. Norwood (#05926)
254 Court Avenue, Suite 212
Memphis, TN 38103
Tel: (901)-528-8300
Email: dan@workingboomeradvocate.com

## CERTIFICATE OF SERVICE

The undersigned attorney hereby certifies that on this ___23rd___ day of ___April___,
2019, a true and exact copy of the foregoing has been served via U.S. Mail and/or electronic
mail, postage prepaid.

_____
Dan Norwood

I hereby certify that this is a true copy
of original instrument filed in my office

This __6th__ day of __May__, 20 _19_
DONNA L. RUSSELL, CLERK & MASTER

BY___B. Reynolds___ D.C. & M.